Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM | ) | Criminal Case No. CF 399-07 |
| | ) | |
| vs. | ) | |
| | ) | |
| RUDOLPH JUNIOR CRUZ, | ) | DECISION AND ORDER |
| | ) | RE POST TRIAL MOTIONS |
| Defendant. | ) | |
| | ) | |

On August 30, 2007 Defendant was indicted on three counts of First Degree Criminal Sexual Conduct, three counts of Second Degree Criminal Sexual Conduct and three counts of Third Degree Criminal Sexual Conduct. Trial commenced on January 7, 2009. At the conclusion of the trial the jury returned verdicts of guilty for lesser included offenses for some charges, one count of third degree criminal sexual conduct and did not reach verdicts for others. (See Chart attached as Exhibit A.)

Defendant filed a laundry list of issues as a post trial motion for a new trial. See pleadings filed January 26, 2009, February 3, 2009 and April 1, 2009. The People filed an Opposition on February 12, 2009. At the hearing held March 23, 2009[1] the Defendant asked leave to file a supplemental memorandum better stating his argument. A hearing on the various issues was held April 2, 2009. Present for the People was J. Basil O'Mallen III, Assistant Attorney General, and Stephen P. Hattori, Assistant Alternate Public Defender.

---

[1]At trial Defendant was represented by Clyde Lemons, Jr. who filed the first two pleadings. Assistant Alternate Public Defender Hattori appeared for the Defendant at the March 23, 2009 hearing and subsequently because Lemons left the Alternate Public Defender's Office.

1. Acquittal Motion. Defendant argues that his motion for acquittal at the close of the People's case was erroneously denied. Defendant did not refer to any of the evidence presented by the People nor did he cite any case law in support of the motion. For the reasons stated by the Court on January 14, 2009 in its written Decision and Order the earlier decision is affirmed.

2. Age of the Minor and Jury Instruction. Defendant refers to 9 GCA §25.10(b) arguing that the People must prove that "defendant did not reasonably believe that the victim herein was at least sixteen years of age" (Defendant's Memorandum of 1/24/09 at p. 1, l. 23.) Subsection (b) provides in pertinent part:

> Whenever in this Chapter the criminality of conduct depends on a child's being below a specified age older than fourteen (14), it is an affirmative defense that the defendant reasonably believed the child to be of that age or above.

On January 13, 2009 the victim testified that she would be 16 in a month. [at 1:42:44] The event occurred on August 19, 2007. At the time of the event the victim was 14 ½ years old. In its opposition the People point to testimony during the trial. The victim's mother said that the Defendant married into the family and she knew the Defendant for approximately eight years. The victim testified that she first met the Defendant when she was in middle school and that she was friends with the Defendant's sister who was one year older than she.

Defendant does not point to any evidence indicating that anyone had any reason to believe that at the time of the incident the victim was 16 years or older. Defendant first raised the victim's age as an affirmative defense in his post trial motion. Defendant's counsel states that he erred in not requesting a jury instruction on the affirmative defense. Defendant's counsel does not submit any case law supporting a new trial for failure to instruct the jury on the affirmative defense. Since there

is no evidence supporting such an instruction the motion is denied on this point.

3. Denial of Motion to Admit Victim's Prior Sexual History. The Court heard Defendant's pre-trial motion to admit evidence regarding the victim's prior sexual history.[2] The materials relative to this hearing are sealed. After receiving testimony and reviewing other evidence this Court held on March 24, 2008 that under 6 Guam Code Annotated, Section 8207(b)(1) [Guam's rape shield law] that the defendant may not introduce evidence about the victim's alleged past sexual conduct because no relevant evidence was produced at the hearing.

Defendant points to evidence received at trial that the victim's current boyfriend resides in her household. However, Defendant does not explain how this evidence is related to his pre-trial motion which involved the time period before August 19, 2007 nor does the Defendant proffer anything indicating that relevant evidence was not admitted. Defendant's counsel does not submit any case law supporting his position. Since there is no new evidence supporting admission of the victim's alleged prior sexual conduct, the motion is denied on this point.

4. Failure of Proof. Defendant argues that the jury's verdict was against the manifest weight of the evidence and that the Defendant was not convicted by proof beyond a reasonable doubt. Defendant did not refer to failure as to any particular element of any particular charge. Nor did Defendant refer to any of the evidence presented by the People. Nor did Defendant cite any case law in support of the motion. The jury found Defendant guilty on lesser included charges and one original charge. Clearly the jury carefully weighed the evidence and presumably followed the

---

[2]At the motion defendant was represented by Assistant Public Defender Pablo Aglubat.

instructions given for its deliberations. Absent argument by Defendant on how there was failure the Court is unable to analyze this point and denies the motion with respect to it.

5. Lesser included offenses/degree of crime. Defendant argues that the government charged four different sexual acts: (1) digital penetration/contact, (2) tongue penetration/contact, (3) penile penetration contact and (4) mouth to breast contact. Defendant further argues that since he was found guilty of the lesser included offense, harassment, charges should be merged and he should be sentenced only for four counts of harassment pursuant to 8 GCA §90.25. Section 90.25 provides:

> When it appears that the defendant has committed an offense, and there is reasonable grounds of doubt in which of two (2) or more degrees he is guilty, he can be convicted of the lowest of such degrees only.

Analysis of the indictment shows that the acts were charged under alternate theories of culpability. In Charges 1 and 2 the indictment charges that the Defendant acted with force and coercion and caused personal injury to the victim. Defendant argues that the conviction of Third Degree CSC for causing his finger to enter the vagina the minor is a lesser included offense of the charges where the jury convicted him of harassment (Verdict forms 3, 6 and 11) If there had been a lesser included instruction for Third Degree CSC then it would have been under 9 GCA §25.25 (a)(2) which includes this element: "force or coercion is used to accomplish the sexual penetration."

In Charge 3 the indictment charges that Defendant engaged in sexual conduct with a minor over 14 years but under 16 years under 9 GCA §25.25 (a)(1). With respect to Charge 3 use of force or coercion or personal injury are not elements of the crime and in fact Third Degree Criminal Sexual Conduct may be consensual.

Thus, the sexual acts may be the same for Charges 1 and 2 and Charge 3 but the offenses are

quite different. The jury's verdicts indicate that it did not find the element of force or coercion or the element of personal injury or both as it did not convict on any charge involving those elements. However, the jury did find offensive touching by the Defendant when it reached guilty verdicts of harassment in Charges 1 and 2.

Harassment is not a lesser included offense to Third Degree CSC charged under 9 GCA §25.25 (a)(1) which provides:

> (a) A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exists:
>
> > (1) that other person is at least fourteen (14) years of age and under sixteen (16) years of age.

Offensive touching is not an element of a charge under paragraph (1). In order for an offense to be a lesser included offense no new element may be added. 8 GCA §105.58 (b)(1) provides that an offense is lesser included when "It is established by proof of the same or less than all the facts required to establish the commission of the offense charged".

Thus, 8 GCA §90.25 does not apply to this case. There is no reasonable doubt as to the degrees of the offenses of which the defendant is guilty. The jury found him guilty under the Third Charge of Third Degree CSC (sexual penetration of a minor) which is a second degree felony. When it came to the allegations of use of force or coercion (Charges 1 and 2) the jury found offensive touching which is harassment as a petty misdemeanor.

People vs. Cruz
Decision and Order


Defendant's motion is DENIED.

A sentencing hearing will be held on August 7, 2009 at 10:00 a.m.


KATHERINE A. MARAMAN
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full, true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 10 2009

| Verdict No. | Charge | Factual Summary (the elements) | Verdict |
|---|---|---|---|
| 1 | First Degree CSC (1st degree felony) Charge 1, Count 1 | On 8/19/07 Cruz engaged in sexual penetration with CDC by causing his finger to penetrate her vagina causing personal injury to her and used force or coercion to accomplish sexual penetration violating 9 GCA §25.15(a)(6)[2] | None[1] |
| 2 | Second Degree CSC LIO Charge 1, Count 1 (1st degree felony) | On 8/19/07 Cruz intentionally engaged in sexual contact with CDC by causing his finger to touch her vagina causing personal injury to her and used force or coercion to accomplish the sexual contact[3] | None |
| 3 | Harassment LIO Charge 1, Count 1 (petty misdemeanor) | On 8/19/07 Cruz intentionally subjected CDC to offensive touching by causing his finger to touch the vagina of CDC[4] | Guilty |
| 4 | First Degree CSC (1st degree felony) Charge 1, Count 2 | On 8/19/07 Cruz engaged in sexual penetration with CDC by causing his tongue to penetrate her vagina causing personal injury to her and used force or coercion to | None |

[1] At the return of the jury hearing held on January 20, 2009 (at 3:23) the foreperson informed the court that an unsigned verdict form indicates that the jury did not reach a unanimous verdict.

[2] See Indictment of August 30, 2007 First Charge, Count 1

[3] See Jury Instruction 7C

[4] See Jury Instruction 7E

CF 399-07 (People vs. Cruz)
Decision and Order Exhibit A

| Verdict No. | Charge | Factual Summary (the elements) | Verdict |
|---|---|---|---|
| 4 | | accomplish sexual penetration violating 9 GCA §25.15(a)(6)[5] | None |
| 5 | Second Degree CSC LIO Charge 1, Count 2 (1st degree felony) | On 8/19/07 Cruz intentionally engaged in sexual contact with CDC by causing his tongue to touch her vagina causing personal injury to her and used force or coercion to accomplish the sexual contact[6] | None |
| 6 | Harassment LIO Charge 1, Count 2 | On 8/19/07 Cruz intentionally subjected CDC to offensive touching by causing his finger to touch the vagina of CDC[7] | None |
| 7 | First Degree CSC (1st degree felony) Charge 1, Count 3 | On 8/19/07 Cruz engaged in sexual penetration with CDC by causing his penis to penetrate her vagina causing personal injury to her and used force or coercion to accomplish sexual penetration violating 9 GCA §25.15(a)(6)[8] | None |
| 8 | Second Degree CSC LIO Charge 1, Count 3 (1st degree felony) | On 8/19/07 Cruz intentionally engaged in sexual contact with CDC by causing his penis to touch her vagina causing personal injury to her and used force or coercion to accomplish | None |

[5]See Indictment of August 30, 2007 First Charge, Count 2

[6]See Jury Instruction 7H

[7]See Jury Instruction 7J

[8]See Indictment of August 30, 2007 First Charge, Count 3

CF 399-07 (People vs. Cruz)
Decision and Order Exhibit A

| Verdict No. | Charge | Factual Summary (the elements) | Verdict |
|---|---|---|---|
| 8 | Harassment LIO Charge 1, Count 3 (petty misdemeanor) | the sexual contact[9] | |
| 9 | | On 8/19/07 Cruz intentionally subjected CDC to offensive touching by causing his penis to touch the vagina of CDC[10] | Guilty |
| 10 | Second Degree CSC (1st degree felony) Charge 2, Count 1 | On 8/19/07 Cruz intentionally engaged in sexual contact with CDC by causing his finger to touch her vagina causing personal injury to her and used force or coercion to accomplish sexual contact violating 9 GCA §25.20(a)(6)[11] | None |
| 11 | Harassment LIO Charge 2, Count 1 (petty misdemeanor) | On 8/19/07 Cruz intentionally subjected CDC to offensive touching by causing his finger to touch the vagina of CDC[12] | Guilty |
| 12 | Second Degree CSC (1st degree felony) Charge 2, Count 2 | On 8/19/07 Cruz intentionally engaged in sexual contact with CDC by causing his mouth to touch her breast causing personal injury to her and used force or coercion to | None |

[9]See Jury Instruction 7M

[10]See Jury Instruction 7O

[11]See Indictment of August 30, 1007 Second Charge, Count One

[12]See Jury Instruction 7R

CF 399-07 (People vs. Cruz)
Decision and Order Exhibit A

| Verdict No. | Charge | Factual Summary (the elements) | Verdict |
| --- | --- | --- | --- |
| 12 | | accomplish sexual contact violating 9 GCA §25.20(a)(6)[13] | Guilty |
| 13 | Harassment LIO Charge 2, Count 2 (petty misdemeanor) | On 8/19/07 Cruz intentionally subjected CDC to offensive touching by causing his mouth to touch the breast of CDC[14] | None |
| 14 | Second Degree CSC (1st degree felony) Charge 2, Count 3 | On 8/19/07 Cruz intentionally engaged in sexual contact with CDC by causing his penis to touch her vagina causing personal injury to her and used force or coercion to accomplish sexual contact violating 9 GCA §25.20(a)(6)[15] | Guilty |
| 15 | Harassment LIO Charge 2, Count 3 (petty misdemeanor) | On 8/19/07 Cruz intentionally subjected CDC to offensive touching by causing his penis to touch the vagina of CDC[16] | Guilty |
| 16 | Third Degree CSC (2nd degree felony) Charge 3, Count 1 | On 8/19/07 Cruz intentionally engaged in sexual penetration with CDC by causing his finger to enter the vagina of CDC (14 years old; DOB: 2-15-1993), a minor at least 14 but less | Guilty |

---

[13]See Indictment of August 30, 2007 Second Charge, Count Two

[14]See Jury Instruction 7U

[15]See Indictment of August 31, 2007 Second Charge, Count Three

[16]See Jury Instruction 7X

CF 399-07 (People vs. Cruz)
Decision and Order Exhibit A

Page 4 of 5

| Verdict No. | Charge | Factual Summary (the elements) | Verdict |
|---|---|---|---|
| 16 | | than 16 years of age violating 9 GCA §25.25(a)(1) and (b)[17] | None |
| 17 | Third Degree CSC (2nd degree felony) Charge 3, Count 2 | On 8/19/07 Cruz intentionally engaged in sexual penetration with CDC by causing his tongue to penetrate the vagina of CDC (14 years old; DOB: 2-15-1993), a minor at least 14 but less than 16 years of age violating 9 GCA §25.25(a)(1) and (b)[18] | None |
| 18 | Third Degree CSC (2nd degree felony) Charge 3, Count 3 | On 8/19/07 Cruz intentionally engaged in sexual penetration with CDC by causing his penis to enter the vagina of CDC (14 years old; DOB: 2-15-1993), a minor at least 14 but less than 16 years of age violating 9 GCA §25.25(a)(1) and (b)[19] | None |

[17]See indictment of August 30, 2007 Third Charge, Count One

[18]See indictment of August 30, 2007 Third Charge, Count Two

[19]See indictment of August 30, 2007 Third Charge, Count Three

CF 399-07 (People vs. Cruz)
Decision and Order Exhibit A